UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-217-GWU

ROYAL INMAN ON BEHALF OF
JOHN HUNLEY INMAN (DECEASED),          PLAINTIFF,

VS.                     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

## INTRODUCTION

Royal Inman, on behalf of John Hunley Inman, his deceased son, brought this action to obtain judicial review of an unfavorable administrative decision on his son's applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

    3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

    4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

    5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole

and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that John Inman, a 31-year-old former coal mine roof bolter with a "limited" education, suffered from impairments related to a history of Legg-Calve-Perthe disease vs. vascular necrosis left hip deformities with moderate arthritis and depression/anxiety. (Tr. 34, 40-41). While the claimant was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 37, 40). Since the available work was found to constitute a significant number of jobs in the national economy, Inman could not be considered totally disabled. (Tr. 41-42). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 41).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security

7

Benefits.  Therefore, the court must grant the plaintiff's motion in so far as it seeks remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Anne Thomas included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) a "moderate" limitation of ability to maintain attention and concentration, interact with co-workers, supervisors and the public, and adapt to changes in the work setting or work routine; (2) the need for a sit/stand option; (3) an inability to ever climb ladders, ropes or scaffolds; (4) an inability to more than occasionally climb ladders, ropes or stairs, bend, stoop, crouch, kneel and crawl; and (5) a need to avoid exposure to vibratory equipment, unprotected heights or hazardous equipment.  (Tr. 66-67).  In response, the witness identified a significant number of jobs which could still be performed.  (Id.).  The ALJ relied upon this information to support the denial decision.

The undersigned finds no error with regard to the ALJ's treatment of the evidence of record relating to Inman's physical condition.  The ALJ cited the opinion of Dr. Kirpal Sidhu, a treating physician, in support of his physical restrictions.  (Tr. 39).  Dr. Sidhu indicated that the patient would be able to lift and carry light objects, sit, stand, ambulate, handle objects, hear, speak and travel with a need for a rest period every two hours.  (Tr. 266).  The ALJ's findings were compatible with this opinion.  The administrative findings were also essentially consistent with the

8

opinion of Dr. Carlos Hernandez, a non-examining medical reviewer, who opined that the claimant would be limited to light level work, restricted from a full range by (1) an inability to stand or walk for more than two hours in an eight-hour time period; (2) an inability to ever climb ladders, ropes or scaffolds; (3) an inability to more than occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; and (4) a need to avoid concentrated exposure to vibration and hazards.  (Tr. 312-319). Such treating and examining sources as Dr. Abdul Dahhan (261-262), Dr. Barry Burchett (Tr. 267-275), the staff at the Mountain Comprehensive Health Clinic (Tr. 320-321), and the staff at Appalachian Regional Healthcare (Tr. 322-362) did not identify the existence of more severe physical restrictions than those found by the ALJ.  These reports provide substantial evidence to support the administrative decision.

Dr. Robert Hoskins, an examining consultant, identified a number of very severe physical restrictions, including an inability to lift more than 15 pounds, stand or walk for more than one hour a day and sit for more than four hours a day.  (Tr. 392-394).  The ALJ rejected Dr. Hoskins's opinion as binding and the plaintiff asserts that this decision was erroneous.  (Tr. 40).  However, the ALJ noted a number of reasons for this decision including the contradictory opinion of Dr. Sidhu and the fact that the opinion was based on the claimant's use of a cane which had not been prescribed.  (Id.).  Therefore, this opinion was properly rejected.

The plaintiff also asserts that the ALJ erred in evaluating Inman's mental condition. Psychologist Robert Spangler examined the claimant in May of 2007 and diagnosed an anxiety disorder, alcohol abuse (in full remission) and low average intelligence.  (Tr. 366). Spangler opined that Inman would have a "good to fair" ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses, maintain attention and concentration, behave in an emotionally stable manner and relate predictably in social situations.[1]  (Tr. 370-371).  The claimant was noted to have a "fair" ability to handle detailed instructions.  (Tr. 371). Inman would have a "fair to poor or none" ability to demonstrate reliability and a "poor or none" ability to deal with complex instructions.[2]  (Id.).  The ALJ stated that he rejected Spangler's limitation with regard to his reliability because the claimant was able to attend all of his required examinations and was responsible for significant tasks.  (Tr. 40).  Instead, the ALJ indicated he was primarily relying upon the opinions of the agency reviewers who found "moderate" restrictions in such areas as interacting with co-workers, supervisors and the public, maintaining

---

[1]"Good" was defined on the form as "ability to function in this area is limited but satisfactory" and "fair" was defined as "ability to function in this area is seriously limited, but not precluded."  (Tr. 370).

[2]"Poor or none" was defined as "no useful ability to function in this area."

attention and concentration, and adapting to changes in the work setting and work routine.  (Id.).

The plaintiff argues that the ALJ erred in rejecting the opinion of Spangler. The court notes that the ALJ only cited reasons to reject the examiner's restriction with regard to demonstrating reliability.  (Id.).  However, the psychologist also identified several other mental limitations, such as dealing with work stresses, handling complex and detailed job instructions, behaving in an emotionally stable manner and relating predictably in social situations which were not addressed by the ALJ and not included in the hypothetical question presented to Thomas.  The defendant cites Smith v. Commissioner of Social Security, 482 F.3d 873, 876 (6th Cir. 2007) as indicating that an ALJ is only required to give reasons for rejecting the opinions of treating sources.  Since Spangler was not a treating source, the ALJ did not have to provide reasons for rejecting the opinion as he would a treating source under Wilson v. Commissioner of Social Security , 378 F.3d 541 (6th Cir. 2007). However, the administrative decision must still be supported by substantial evidence. Clearly , Spangler, who was the only mental health professional of record to address the issue of mental status work restrictions, does not provide substantial evidence to  support  the administrative decision.[3]  (Id.).

---

[3] Inman was treated on a couple of occasions in 2007 at the Cumberland River Comprehensive Care Center but work-related mental restrictions were not discussed.

As previously noted, the ALJ indicated that he was relying upon the opinions of the non-examining agency reviewers to support the administrative decision. (Id.). The record was reviewed by Psychologist Ilze Sillers in December of 2006 (Tr. 276-289) and Psychologist Edward Stodola in January of 2007 (Tr. 298-311) and each opined that the claimant's mental problems did not constitute a "severe" impairment. The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, neither Sillers nor Stodola had the opportunity to see and comment upon the opinion of Spangler. Thus, their opinions are not sufficient to offset that of the actual examining source. The ALJ should at least have sought the advice of a medical advisor who had the opportunity to see and comment upon the complete record. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration of

---

(Tr. 375-386).

Inman's mental condition.  Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 20th day of April, 2010.

Signed By:
*G. Wix Unthank*
United States Senior Judge